# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**AIM PARKING MANAGEMENT, LLC**

      Plaintiff

**V.**                                            **C.A. No.:**

**MASSACHUSETTS BAY**
**TRANSPORTATION AUTHORITY**

      Defendant

## COMPLAINT

### Parties and Jurisdiction

1. Plaintiff, AIM Parking Management, LLC ("AIM") is a limited liability company organized and existing under the laws of the State of Rhode Island with its principal place of business located in Providence, Rhode Island.

2. Defendant, Massachusetts Bay Transportation Authority ("MBTA") is a legislatively created entity, under Massachusetts General Laws, Chapter 161A, with a principal place of business located in Boston, Massachusetts.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the matter in controversy is between citizens of different states and exceeds the sum of $75,000.00, exclusive of interest and costs.

4. This Court has venue pursuant to 28 U.S.C.§1391.

### Facts

5. Paragraphs 1 through 4, inclusive, are incorporated by reference as if fully set forth herein.

6. On or about November 28, 2007, Plaintiff entered into a Management Agreement with Defendant in which Plaintiff agreed to manage the MBTA parking facilities known as Group 4 with nineteen (19) locations throughout Massachusetts.

7. The base term of the Management Agreement specified a three year term (December 1, 2007 through December 1, 2010).

8. On or about January 31, 2008 Plaintiff entered into a Management Agreement with Defendant in which Plaintiff agreed to manage the MBTA parking facility known as Group 8 located in Walpole, Massachusetts.

9. The base term of the Management Agreement specified a term of February 1, 2008 through December 1, 2010.

10. On October 16, 2008, Defendant notified Plaintiff that there would be an increase in parking fees at the Parking Facilities which are the subject of the Management Agreements, and the increase would take effect on November 15, 2008.

11. On October 29, 2008, Plaintiff notified Defendant that the increase in parking fees would substantially increase Plaintiff's costs to provide the services which it agreed to provide pursuant to the Management Agreements.

12. Plaintiff notified Defendant that due to the fee increase set forth in the October 16, 2008 notice, twice as many dollar bills and coins would be deposited at the lots, requiring additional employees to assist in counting the influx of funds.

13. According to the Plaintiff, additional labor costs would amount to $219,648.00 annually. In addition to the increase in labor costs, Plaintiff notified Defendant that the fee increase would result in additional costs for supplies and materials of $16,610.00, and management fees in the amount of $31,523.00.

14. As a result of the parking fare increase, Plaintiff requested an increase of $267,781.00 in additional compensation as a change order proposal.

15. Defendant denied Plaintiff's request.

## COUNT I
## UNJUST ENRICHMENT/QUASI CONTRACT

16. Paragraphs 1-15, inclusive, are incorporated by reference as if fully set forth herein.

17. As a result of the fare increase implemented by Defendant, and the fact that Defendant would not provide Plaintiff with an increase in compensation to offset the costs associated with its fare increase, Plaintiff has been and will continue to be deprived of compensation earned.

18. As a result of the fare increase implemented by Defendant and its refusal to compensate Plaintiff accordingly, Defendant has been unjustly enriched at the expense of Plaintiff.

## COUNT II
## BREACH OF COVENANT OF
## GOOD FAITH AND FAIR DEALING

19. Paragraphs 1-18, inclusive, are incorporated by reference as if fully set forth herein.

20. As a result of the fare increase implemented by Defendant and its refusal to compensate Plaintiff accordingly, Defendant has destroyed the right of the Plaintiff to receive the fruits of the Management Agreements.

**WHEREFORE**, Plaintiff, AIM Parking Management, LLC demands judgment against Defendant, Massachusetts Bay Transportation Authority for equitable damages in *quantum meruit* and compensatory damages, plus interest, costs and attorney's fees.

>Plaintiff,
>AIM Parking Management, LLC
>By its attorneys,
>
>
>/s/Christopher E. Hultquist
>Christopher E. Hultquist, Esq., BBO# 628615
>DarrowEverett LLP
>One Turk's Head Place, Suite 1200
>Providence, RI 02903
>Tel. 401-453-1200
>Fax 401-572-3981
>chultquist@darroweverett.com

DATED:   January 9, 2009